Martin F. Casey
**CASEY & BARNETT, LLP**
25 Prospect Street
Morristown, New Jersey 07960
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
PORTO PAVINO LLC,                                                    15 Civ.

       Plaintiff,

       - against –                                                       **COMPLAINT**

A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE
and SALSON LOGISTICS, INC.,

       Defendants.
-----------------------------------------------------------X

       Plaintiff, PORTO PAVINO LLC, by and through its attorneys, Casey & Barnett LLP, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

       2.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(a)(2) as a substantial part of the events giving rise to the claim occurred within this judicial district.

### PARTIES

       3.    At all material times, PORTO PAVINO LLC (hereinafter "Porto Pavino" or "Plaintiff") was and is a limited liability company with an office and place of business located at 641 Shunpike Road, Chatham, New Jersey 07928 and is the consignee and owner of a consignment of 2,520 Boxes Fresh Kiwis, as described below.

4. At all material times, defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE (hereinafter "Maersk" or "Defendant") was and is a corporation with an office and place of business located at Giralda Farms, Madison Avenue, Madison, New Jersey 07960 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant, SALSON LOGISTICS, INC. (hereinafter "Salson" or "Defendant") was and is a corporation with an office and place of business located at 888 Doremus Avenue, Newark, New Jersey 07114 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION

7. On or about January 7, 2014, a consignment consisting of 2,520 cartons Fresh Kiwis, then being in good order and condition, was laden into refrigerated container MNBU 3279799 and was delivered to defendant Maersk and/or its agents at the port of Salerno, Italy for transportation to Port Newark, New Jersey in consideration of an agreed upon freight and in consideration of Maersk maintaining a supply air temperature of 0°C at all times, all pursuant to Maersk bill of lading MAEU 562194806 dated January 7, 2014.

8. The cargo of Fresh Kiwis is subject to a USDA protocol which requires that certain temperatures be maintained during the transit. Maersk was aware of this USDA protocol and provided equipment to monitor the USDA temperature requirements during the transit.

9. Thereafter, the container was loaded on board the M/V DURANDE on or about January 7, 2014, Maersk bill of lading MAEU 662194806 was issued and the vessel sailed for its intended destination.

10. Upon discharge of the container at Port Newark on or about January 21, 2014, the container was stored at the marine terminal pending a US Custom's inspection.

11. On January 29, 2014 the container was transferred to defendant Salson, which is an official Custom's Examination Site, and which is situated at or near the marine terminal.

12. The container was maintained in the custody and control of Maersk and defendant Salson from January 29, 2014 to January 30, 2014 for purposes of the US Custom's examination. Maesrk and Salson were negligent in maintaining the required temperatures during this period in that the cargo within the container was subjected to below zero temperatures which resulted in freeze damage to the cargo.

13. On January 30, 2014 following the completion of the US Custom's examination, Maersk released the container to the intended receiver.

14. Upon delivery of the cargo to the receiver, and as a result of the foregoing, it was discovered that the consignment was not in the same good order and condition as when received by defendants, but instead had suffered physical damage while is said defendants custody and control due to the temperature abuse sustained by the cargo.

15. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

3

16. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $9,359.63.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $9,359.63, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: Morristown, New Jersey
      January 12, 2015
      215-40

                                  CASEY & BARNETT, LLP
                                  Attorneys for Plaintiff

                    By: _____
                                  Martin F. Casey
                                  25 Prospect Street
                                  Morristown, New Jersey
                                  (212) 286-0225